UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| POR MOUA, | Case No. 15-CV-4507 (JRT/SER) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF MINNESOTA and RAMSEY COUNTY, | |
| Respondents. | |

---

Petitioner Por Moua is currently incarcerated at the Minnesota Correctional Facility in Moose Lake, Minnesota. A jury found Moua guilty of first-degree assault, third-degree assault, and felony domestic assault in 2010, and Moua was sentenced to a 175-month term of imprisonment as a result of that conviction. *See State v. Moua*, No. A11-944, 2012 WL 2505744, at *1 (Minn. Ct. App. July 2, 2012). The Minnesota Court of Appeals affirmed that conviction and sentence, and the Minnesota Supreme Court declined review. *Id*.

This is Moua's third petition for post-conviction relief in this District.[1] Moua's first petition, expressly filed pursuant to 28 U.S.C. § 2254, raised innumerable issues relating to his conviction and sentence, including claims of ineffective assistance of counsel, prosecutorial misconduct, and speedy-trial violations. This Court found that each of the claims in that petition had been procedurally defaulted and recommended that the petition be dismissed; that recommendation was later adopted. *See Moua v. Minnesota*, No. 13-CV-1470 (JRT/SER), 2014 WL 1116882, at *1-5 (D. Minn. Mar. 20, 2014).

---

[1] The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

1

On August 14, 2014, Moua filed a second petition for a writ of habeas corpus, again expressly pursuant to 28 U.S.C. § 2254.  Under 28 U.S.C. § 2244(b), though, a federal district court cannot entertain a second or successive petition for habeas relief that a state detainee files unless that detainee first obtains authorization to file the petition from the appropriate court of appeals.  *See* 28 U.S.C. § 2244(b)(3)(A); *Crawford v. Minnesota*, 698 F.3d 1086, 1088 (8th Cir. 2012) ("If a petition is second or successive, the court of appeals has a gatekeeping function to decide whether to grant preauthorization for it to be considered.").  This Court determined that Moua's second petition qualified as second or successive for purposes of § 2244(b)(3)(A) and recommended dismissal of that; again the recommendation was adopted.  *See Moua v. Minnesota*, No. 14-CV-3158 (JRT/SER), 2014 WL 4659645 (D. Minn. Sept. 17, 2014).

Here Moua does not reference § 2254, perhaps in an attempt to avoid the statutory limitations on second or successive habeas petitions filed by state detainees.  Nevertheless, Moua is challenging the legality of his conviction in state court, and "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ."  *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).  This Court therefore construes Moua's petition for post-conviction relief as a third petition.  Further, because Moua is challenging the validity of a state-court judgment through this petition, that petition is subject to the restrictions on second-or-successive habeas petitions set forth in § 2244(b)(3)(A).  This means that Moua's present petition, like his previous petition, cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals.  *See Burton v. Stewart*, 549 U.S. 147, 153, (2007) (noting that where habeas petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court . . . he was required to receive authorization from the Court of Appeals

before filing his second challenge" in a second habeas petition).  Because Moua did not secure pre-authorization from the Eighth Circuit, his current petition should be dismissed summarily for lack of jurisdiction.  *See, e.g.*, *Tompkins v. Secretary, Dep't of Corr.*, 557 F.3d 1257, 1259 (11th Cir. 2009) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it.").[2]  Moua is again admonished that this Court will not entertain any future habeas petition pertaining to his conviction unless a pre-authorization order from the Eighth Circuit accompanies his petition.

Because it is recommended that this action must be summarily dismissed for lack of jurisdiction, the Court also recommends denial of Moua's pending application to proceed *in forma pauperis* ("IFP").  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam) (finding that an IFP application should be denied where a habeas petition cannot be entertained). Finally, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA").  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  It is certain that no other court, including the Eighth Circuit Court of Appeals, would decide that Moua's current petition for post-conviction

---

[2] An action barred by § 2244(b)(3) may be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631, rather than simply dismissed.  *See e.g.*, *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).  This Court recommends that this approach not be followed here.  The Eighth Circuit will not authorize the filing of another habeas petition unless Moua can meet the criteria set forth in § 2244(b)(2).  By all indications from the materials submitted to this Court, Moua cannot meet these standards.  If Moua believes that he can establish the criteria set forth in § 2244(b)(2), then he may ask the Eighth Circuit for authorization to file another habeas petition.

relief should be adjudicated on the merits without pre-authorization. It is therefore recommended that Moua not be granted a COA in this matter.

RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Petitioner Por Moua's application for leave to proceed *in forma pauperis* [ECF No. 6] be DENIED.

2. This action be SUMMARILY DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.

3. Moua not be granted a certificate of appealability.

Dated: January 27, 2016               *s/Steven E Rau*
                                       Steven E. Rau
                                       U.S. Magistrate Judge

## NOTICE

Filing Objections: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

Under Advisement Date: This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.